**PLEASE CONFORM**

1 | JEFFER MANGELS BUTLER & MITCHELL LLP
MARTA M. FERNANDEZ (Bar No. 120540)

2 | JON C. MCNUTT (Bar No. 227761)
1900 Avenue of the Stars, Seventh Floor

3 | Los Angeles, California 90067-4308
Telephone: (310) 203-8080

4 | Facsimile: (310) 203-0567

5 | Attorneys for Defendant GOOD SAM ENTERPRISES,
LLC, formerly known as AFFINITY GROUP, INC.

6

7

8

9



FILED
CLERK, U.S. DISTRICT COURT

JUN 17 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

#### WESTERN DIVISION

CV11   05104 GAF(SHx)

| | |
|---|---|
| KATHLEEN WALSH,<br><br>Plaintiff,<br><br>v.<br><br>AFFINITY GROUP, INC.,<br><br>Defendant. | CASE NO.<br><br>**DEFENDANT GOOD SAM ENTERPRISES, LLC, FORMERLY KNOWN AS AFFINITY GROUP, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441(B) [DIVERSITY]** |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1     **PLEASE TAKE NOTICE** that Defendant Good Sam Enterprises LLC,

2     formerly known as Affinity Group, Inc., a Delaware corporation ("Defendant"), by its

3     attorneys, and pursuant to 28 U.S.C. Sections 1441, 1446, and 1367, hereby removes

4     the above-entitled action pending in the Superior Court of the State of California for

5     the County of Ventura to the United States District Court for the Central District of

6     California (the "Court") on the grounds that the Court has diversity jurisdiction over

7     the claims of Plaintiff Kathleen Walsh ("Plaintiff").

8            The following is a short and plain statement of the grounds for removal

9     and a listing of pleadings to date:

10          1.     Plaintiff filed her original complaint ("Complaint") against

11    Affinity Group, Inc. in Ventura County Superior Court on May 4, 2011.  A true and

12    correct copy of the Complaint is attached hereto as **Exhibit A.**

13          2.     Defendant was served on May 18, 2011.  Thus, this Notice of

14    Removal is timely filed within 30 days of service.

15          3.     On June 15, 2011, Defendant filed its answer ("Answer") to the

16    Complaint, also in Ventura County Superior Court.  A true and correct copy of the

17    Answer is attached hereto as **Exhibit B.**

18          4.     This is a civil action of which this Court has original jurisdiction

19    under 28 U.S.C. Section 1332 and one which may be removed to this Court by

20    Defendant pursuant to 28 U.S.C. Section 1441(b) because it is a civil action between

21    citizens of different states and the matter in controversy far exceeds the sum of

22    $75,000.00, inclusive of attorneys fees, but exclusive of interest and costs.

23          In the Prayer of her Complaint, Plaintiff seeks damages as follows:

24          (a)     At least $30,000 for unpaid wages (Complaint, ¶ 38, lns.

25    12-13);

26          (b)     At least $500,000 for "compensatory damages including

27    lost wages and benefits" (Complaint, ¶ 38, lns. 22-21);

28

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP

7827766v1

1          (c)    At least \$500,000 for "physical, mental and emotional

2  distress damages" (Complaint, ¶ 38, lns. 23-24); and

3          (b)    Punitive and exemplary damages (Complaint, ¶ 38, ln. 25).

4        5.    Affinity Group, Inc., the only named defendant, is diverse to

5  Plaintiff.  Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to

6  be a citizen of any State by which it has been incorporated and of the State where it

7  has its principal place of business."  The United States Supreme Court's recent

8  decision in *The Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010) clarified the meaning of

9  Section 1332(c).  Specifically, the Supreme Court held that a corporation's "principal

10  place of business" for determining its citizenship is the corporation's "nerve center":

11  "We conclude that 'principal place of business' is best read as referring to the place

12  where a corporation's officers direct, control, and coordinate the corporation's

13  activities.  It is the place that Courts of Appeals have called the corporation's 'nerve

14  center.'  And, in practice, it should normally be the place where the corporation

15  maintains its headquarters – provided that the headquarters is the actual center of

16  direction, control, and coordination, *i.e.*, the 'nerve center'…" *Id.* at 1183.

17       There is complete diversity in this case as Plaintiff and Defendant are citizens

18  of different states.  Plaintiff is a citizen of the State of California.  See Complaint, ¶ 1,

19  lns. 2-3. Affinity Group, Inc. was at all times during Plaintiff's employment, and the

20  name by which it is currently known, Good Sam Enterprises, LLC is currently and

21  was at the time this action was served, organized as a corporation in the state of

22  Delaware.  See Declaration of Tom Wolfe ("Wolfe Decl."), ¶¶ 2, 3 and 4, Exhs. A-C.

23  Moreover, Defendant's principal place of business and headquarters are located in

24  Colorado.  *Id.*  Accordingly, Defendant is not a citizen of the state in which this case

25  is pending.

26        6.    "Doe" defendants do not need to join or consent in the Notice of

27  Removal as federal procedure does not recognize "Doe" practice.

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

7827766v1

1    WHEREFORE, Defendant removes the original action brought by

2  Plaintiff, now pending in the Superior Court of the State of California, County of

3  Ventura, from that Court to this Court.

4

5  DATED  June 16, 2011          JEFFER MANGELS BUTLER & MITCHELL LLP

6                                MARTA M. FERNANDEZ
                                 JON C. MCNUTT

7

8                         By: _____

9                                JON C. MCNUTT
                                 Attorneys for Defendant GOOD SAM
10                               ENTERPRISES, LLC, formerly known as
                                 AFFINITY GROUP, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

7827766v1

# EXHIBIT A

1   MARCELO A. DIEGUEZ, STATE BAR NO. 221951
    DIEFER LAW GROUP, P.C.
2   2030 Main Street, Suite 1300
    Irvine, CA 92614
3   Telephone: (949) 260-9131

4   LAW OFFICES OF JERRY D. UNDERWOOD, A.P.C.
    5241 E. Santa Ana Canyon Road, Suite 135
5   Anaheim Hills, CA 92807
    Telephone: (714) 998-9802
6
    Attorneys For Plaintiff
7   Kathleen Walsh

VENTURA
SUPERIOR COURT
FILED

MAY 04 2011

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____ M. Ochoa _____, Deputy

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         FOR THE COUNTY OF VENTURA

11
    KATHLEEN WALSH, an individual,        )   CASE ___ 56-2011-00396337-CU-WT-VTA
12                                        )
                      Plaintiff,          )   Judge:
13                                        )   Dept:
            vs.                           )
14                                        )   COMPLAINT FOR DAMAGES
                                          )
15   AFFINITY GROUP, INC. a California     )   1.  FAILURE TO PAY WAGES
     Corporation, and DOES 1 through 25,   )       INCLUDING OVERTIME WAGES
16   inclusive,                            )   2.  FAILURE TO PROVIDE MEAL
                                          )       BREAKS
17                    Defendants.          )   3.  FAILURE TO PAY WAITING TIME
                                          )       PENALTIES PURSUANT TO
18                                        )       LABOR CODE SECTION 203
                                          )   4.  FAILURE TO PROVIDE
19                                        )       ACCURATE ITEMIZED
                                          )       STATEMENTS PURSUANT TO
20                                        )       LABOR CODE SECTION 226
                                          )   5.  UNFAIR COMPETITION
21                                        )       PURSUANT TO BUSINESS AND
                                          )       PROFESSIONS CODE 17200
22                                        )   6.  WRONGFUL TERMINATION IN
                                          )       VIOLATION OF PUBLIC POLICY
23                                        )
                                          )   DEMAND FOR JURY TRIAL
24

25          COMES NOW Plaintiff, KATHLEEN WALSH (hereafter referred to as "Plaintiff"), and

26   alleges against Defendant, AFFINITY GROUP, INC., a California Corporation, (hereinafter

27   referred to as "AFFINITY"), and DOES 1 through 25, inclusive (hereinafter referred to as

28   "DOES") as follows:

DIEFER LAW
GROUP, P.C.
ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1.     At all times mentioned herein, Plaintiff was and is a resident of the County of Ventura, State of California.

2.     Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein Defendant, AFFINITY was and is a corporation doing business and having a substantial, continuous and systematic commercial activity in the City of Ventura, County of Ventura, State of California.

3.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 25, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such Defendants.

4.     Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, each defendant designated, including DOES 1 through 25, was the agent, managing agent, principal, owner, partner, joint venturer, representative, manager, servant, employee, and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

5.     Plaintiff was employed at AFFINITY from approximately September 2005 until her sudden and unexpected termination on January 14, 2011.  From approximately September 2005 until January 15, 2007, Plaintiff was paid an hourly wage and was considered a temporary employee.  Starting on or about January 15, 2007, Plaintiff was made a permanent employee of the Human Resources Department of AFFINITY, but was no longer compensated based on her actual hours worked.  Rather, and despite working an average of forty four hours a week, PLAINTIFF is informed and believes and thereupon alleges that she was paid a set pay based on seventy five (75) hours worked every two weeks, as reflected in AFFINITY's pay stubs,

-2-

1  regardless of the actual hours worked by Plaintiff. Plaintiff's primary job duties included routine

2  clerical duties, and PLAINTIFF was given almost no decision making power or ability to make

3  any significant independent choices. Plaintiff is informed and believes, and thereupon alleges,

4  that she was micromanaged by her supervisor, Laurie James, who controlled, directed, and

5  supervised almost all aspects of PLAINTIFF's employment.

6          6.      On or about December 2, 2010, Plaintiff complained to her supervisor, Laurie

7  James, that she believed she was not being properly paid all overtime wages due to her. Plaintiff

8  is informed and believes, and based thereon alleges, that Laurie James did not want to discuss the

9  wage and hour violations disclosed by Plaintiff, and that Laurie James then began a campaign to

10  retaliate against Plaintiff for bringing such wage and hour issues to her attention. Plaintiff is

11  informed and believes, and thereupon alleges, that her termination of employment on January 14,

12  2011 was directly related to, and in retaliation for, Plaintiff's proper and reasonable complaints

13  of wage and hour violations, including complaints of the non-payment of due wages, including

14  overtime wages.

15

16                          **FIRST CAUSE OF ACTION**

17  **(Failure to Pay Due Wages, Including Overtime Wages Against AFFINITY and DOES 1**

18                                  **Through 25)**

19          7.      Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1

20  through 6 of this Complaint as if fully set forth herein.

21          8.      At all relevant times during the applicable statutory period, Plaintiff was

22  employed at AFFINITY in the Human Resources Department. Plaintiff's primary duties at

23  AFFINITY did not involve management or professional exempt duties, and did not involve the

24  exercise of discretion and independent judgment in matters directly related to management

25  policies or general business operations of the employer or its customers. Rather, Plaintiff's

26  primary duties were clerical in nature, and she was micromanaged by her supervisor.

27  Accordingly, Plaintiff is informed and believes, and on that basis alleges, that she was not an

28  exempt employee under the provisions of California law.

DIEFER LAW
GROUP, P.C.
ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES

1      9.    At all relevant times during the applicable statutory period, Plaintiff worked very

2 long hours, including regularly working over eight hours per day and over 40 hours per week.

3      10.   Despite working such long hours, AFFINITY failed to pay Plaintiff for all hours

4 worked, or the required overtime compensation for hours worked in excess of eight in a day, and

5 forty in a week.  Indeed, and as shown on Plaintiff's pay stubs provided by AFFINITY, Plaintiff

6 was only paid for seventy five hours of work every two weeks, despite working closer to eighty

7 eight hours every two weeks.  Additionally, Plaintiff is informed and believes, and thereupon

8 alleges, that she is owed approximately $6,000.00 in unpaid bonus wages.

9      11.   As a proximate result of AFFINITY'S failure to properly compensate Plaintiff for

10 all hours worked and all overtime hours worked, Plaintiff has been denied the full compensation

11 owed to her, all to her damage in an amount exceeding the jurisdictional limits of this court and

12 which will be established according to proof at trial, but believed to be in excess of $30,000.00.

13      12.   As a result of the unlawful acts of AFFINITY, Plaintiff is entitled to recovery of

14 such unpaid wage amounts, plus interest and penalties thereon, attorneys' fees, and costs,

15 pursuant to Labor Code Sections 218.5, 218.6 and 1194, among others.

16 **SECOND CAUSE OF ACTION**

17 **(Failure to Provide Meal Breaks Against AFFINITY and DOES 1 Through 25)**

18      13.   Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1

19 through 12 of this Complaint as if fully set forth herein.

20      14.   Labor Code Section 226.7 requires an employer to pay an additional hour of

21 compensation for each meal period that the employer fails to provide.  Employees are entitled to

22 a meal period of at least thirty (30) minutes per five (5) hour work period.  Plaintiff consistently

23 worked over five (5) hour shifts without being provided with a legally required meal break.

24 AFFINITY failed to provide Plaintiff with timely meal breaks of not less than thirty (30) minutes

25 as required by the Labor Code during the relevant statutory period.

26      15.   Pursuant to Labor Code Section 226.7, Plaintiff is entitled to damages in amount

27 equal to one (1) hour of wages per missed meal break, in a sum to be proven at trial, plus

28 attorney's fees and costs.

−4−

## THIRD CAUSE OF ACTION

**(Failure to Pay Waiting Time Penalties Pursuant to Labor Code Section 203 Against AFFINITY and DOES 1 Through 25)**

16.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17.    Plaintiff's employment with AFFINITY ended on or about January 14, 2011, but Plaintiff was not paid all wages owed to her on that date. Plaintiff is informed and believes, and thereupon alleges, that she has not been paid for all her worked hours, including overtime hours, and meal period wages. AFFINITY's failure to pay such wages was willful in that AFFINITY knew wages were due and owing but failed to pay such wages, thus entitling Plaintiff to penalties under Labor Code Section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

18.    Pursuant to the provisions of Labor Code Section 203, Plaintiff is entitled to a penalty in the amount of Plaintiff's daily wage multiplied by thirty (30) days, to be established according to proof at trial, but believed to be at least $5,732.40.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Accurate Itemized Statement Pursuant to Labor Code Section 226 Against AFFINITY and DOES 1 Through 25)**

19.    Plaintiff incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20.    Labor Code Section 226 requires an employer to provide employees an accurate itemized statement in writing showing, among other things, total hours worked by the employee, all gross wages earned, and all deductions.

21.    Plaintiff was not provided with accurate itemized statements showing all hours worked for the relevant pay periods, or all deductions to her earned wages.

22.    Pursuant to Labor Code Section 226(e), Plaintiff is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs

1  and one hundred dollars ($100) per employee for each violation in subsequent pay period, not

2  exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of

3  costs and reasonable attorney's fees.

### FIFTH CAUSE OF ACTION

**(Unfair Competition Pursuant to Business and Professions Code 17200 et seq. Against AFFINITY and DOES 1 Through 25 )**

23.  Plaintiff incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24.  Plaintiff, on her behalf, brings this claim pursuant to Business & Professions Code §17200, et seq. The conduct of AFFINITY as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

25.  Plaintiff is a "person who has suffered injury in fact and has lost money or property as a result of such unfair competition" within the meaning of Business & Professions Code §17204, in that she has been deprived of duly wages, overtime wages and proper meal period wages, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

26.  Business & Profession Code §17200, et seq. prohibits unlawful and unfair business practices.

27.  Overtime wage and hour laws express fundamental public policies. Providing employees with meal and/or rest breaks is also a fundamental public policy of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards, including the failing to properly compensate employees and/or provide them with the required meal and rest periods.

-6-

28. AFFINITY, beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, has committed acts of unfair competition as defined by the Unfair Business Practice Act and has violated statutes of public policies. Through the conduct alleged in this Complaint, AFFINITY has acted contrary to these public policies, has violated specific provisions of the Labor Code, and has engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200, et seq., depriving Plaintiff, and all interested persons, of rights, benefits, and privileges guaranteed to all employees under law.

29. AFFINITY's conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200 of the Business & Professions Code, in that at a minimum AFFINITY has violated Labor Code Sections 201-203, 226, 226.7, 510, 512, 1194, as well as IWC Wage Orders pertaining to overtime pay and meal periods.

30. AFFINITY, by engaging in the conduct herein alleged, including but not limited to not paying all due wages, including overtime wages, and by not providing proper meal breaks, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of §17200 of the Business & Professions Code.

31. Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to Business & Professions Code section 17200, *et seq.*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by AFFINITY, their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to restitution which may be necessary to restore Plaintiff and other similarly situated employees the money AFFINITY has unlawfully failed to pay.

32. Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of the general public as well as herself and other similarly situated. Plaintiff and other similarly situated employees are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing to them.

-7-

1    33.    Plaintiff herein takes upon herself the enforcement of these laws and lawful

2  claims.  There is a financial burden involved in pursuing this action, the action is seeking to

3  vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by

4  forcing her to pay attorneys' fees from the recovery in this action.  Attorneys' fees are

5  appropriate pursuant to Code of Civil Procedure, Section 1021.5 and otherwise.

6

7                          **SIXTH CAUSE OF ACTION**

8              **(Wrongful Termination in Violation of Public Policy Against**

9                      **AFFINITY and DOES 1 Through 25)**

10    34.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1

11  through 33 of this Complaint as if fully set forth herein.

12    35.    Plaintiff is informed and believes, and thereupon alleges than on December 2,

13  2010 Plaintiff complained to Laurie James about practices which she reasonably believed to be

14  illegal, and unfair.  Plaintiff is informed and believes, and thereupon alleges, that these practices

15  included the non-payment of overtime wages to employees by intentionally misclassifying these

16  employees as exempt employees.

17    36.    Plaintiff is informed and believes, and thereupon alleges, that she was retaliated

18  against in the terms, conditions and privileges of her employment, including being paid only a

19  $4,000.00 bonus, when individuals in her same exact position received $10,0000.00, being

20  abruptly terminated in direct retaliation for her complaints to AFFINITY about what she

21  reasonably believed to be serious violations of the law in regards to the nonpayment of wages.

22  Plaintiff is informed and believes, and thereupon alleges, that the adverse retaliatory employment

23  actions she suffered, up to and including her termination, were in violation of the public policies

24  set out in, among others, California Labor Code Sections 201, 202, 203, 232, 232.5, 510, 226.7,

25  1102.5, 1194, 1197, 2699, 6400 and 6401 among others, Business and Professions Code Section

26  17200 et seq., Civil Code Sections 1709 and 1710, as well as other statutory, regulatory and

27  common laws.

28    37.    As a proximate result of Defendants' conduct, Plaintiff has suffered serious harm,

DIEFER LAW
GROUP, P.C.
ATTORNEYS AT LAW

1    including lost earnings and other employment benefits, humiliation, embarrassment, emotional

2    distress, severe mental and physical injury, including pain and suffering, all to her damage in an

3    amount exceeding the jurisdictional limits of this court and which will be established according

4    to proof at trial, but believed to be in excess of $500,000.00.

5         38.    The conduct of defendant AFFINITY, including their agents/employees as

6    described herein, including the intentional firing of PLAINTIFF proximate in time of her making

7    complaints regarding the unlawful conduct of AFFINITY, was malicious, fraudulent, and/or

8    oppressive, and done with a willful and conscious disregard for Plaintiff's rights. Consequently,

9    Plaintiff is entitled to punitive and exemplary damages against defendant AFFINITY.

10        WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, as

11   follows:

12        1.     For unpaid wages, including overtime wages according to proof, but believed to

13              be in excess of $30,000.00;

14        2.     For civil penalties as provided by statute;

15        3.     For a civil penalty of $4,000.00 pursuant to Labor Code Section 226(e);

16        4.     For compensatory damages in the amount of Plaintiff's hourly wage for each meal

17              period missed or taken late from the applicable statuary period to the present as

18              may be proven;

19        5.     For penalties pursuant to Labor Code §203 for equal to Plaintiff's daily wage

20              times thirty (30) days, as may be proven;

21        6.     For compensatory damages including lost wages and benefits according to proof,

22              but believed to be in excess of $500,000.00;

23        7.     For physical, mental and emotional distress damages according to proof, but

24              believed to be in excess of $500,000.00

25        8.     For punitive and exemplary damages according to proof;

26        9.     For restitution for unfair competition pursuant to Business & Professions Code

27              §17200, in an amount as may be proven;

28

DIEFER LAW
GROUP, P.C.
ATTORNEYS AT LAW

-9-

COMPLAINT FOR DAMAGES

10.     For declaratory judgment that AFFINITY has violated Business and Professions Code §§ 17200 et seq, as a result of the aforementioned violations of the Labor Code and of California public policy protecting workers and discouraging work without adequate compensation, including overtime compensation and meal periods;

11.     For preliminary, permanent and mandatory injunctive relief prohibiting AFFINITY, and its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;;

12.     An award providing for payment of costs of suit;

13.     For an award of prejudgment and post judgment interest an all amounts claimed;

14.     An award of attorneys' fees under all applicable statutes, including but not limited to Labor Code §§ 218.5, 226(e) and 1194; California Code of Civil Procedure § 1021.5; and/or other applicable law; and

**15.**     For such other and further relief as the Court deems just and proper,

**Plaintiff further requests a trial by jury on all issues so triable.**

Dated: April 27, 2011                Respectfully submitted,

DIEFER LAW GROUP

By:_____
Marcelo Dieguez, Esq.
Jerry D. Underwood, Esq.
Attorneys for Plaintiff

# EXHIBIT B

COPY

1   JEFFER MANGELS BUTLER & MITCHELL LLP
    MARTA M. FERNANDEZ (SBN 120540)
2   (mmf@jmbm.com)
    JON C. McNUTT (SBN 227761) (jcm@jmbm.com)
3   1900 Avenue of the Stars, Seventh Floor
    Los Angeles, California 90067-4308
4   Telephone: (310) 203-8080
    Facsimile: (310) 203-0567
5
    Attorneys for Defendant GOOD SAM ENTERPRISES,
6   LLC, formerly known as AFFINITY GROUP, INC.

7

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF VENTURA

11
    KATHLEEN WALSH,                    CASE NO. 56-2011-00396337-CU-WT-VTA
12
                Plaintiff,            DEFENDANT GOOD SAM ENTERPRISES,
13                                    LLC, FORMERLY KNOWN AS AFFINITY
         vs.                         GROUP, INC.'S ANSWER TO PLAINTIFF'S
14                                   UNVERIFIED COMPLAINT FOR
    AFFINITY GROUP, INC., a California DAMAGES
15  Corporation; and DOES 1 through 25, inclusive,
16                                   Complaint Filed: May 4, 2011
                Defendants.
17                                   Hon. Mark Borrell

18                                   Department: 43

19

20

21          Defendant Good Sam Enterprises LLC, formerly known as Affinity Group, Inc.

22  ("Defendant"), on behalf of itself and no others, hereby answers the unverified Complaint

23  ("Complaint") of Plaintiff Kathleen Walsh ("Plaintiff") in the above-captioned matter, as follows:

24          Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

25  denies, generally and specifically, each and every allegation in Plaintiff's Complaint. Defendant

26  further generally and specifically denies that Plaintiff has been damaged in the sums alleged, or any

27  other sum, or at all, by reason of any act or omission or failure to act on the part of Defendant or any

28  of its agents, servants, employees or representatives.

PRINTED ON
RECYCLED PAPER                              1           DEFENDANT'S ANSWER TO PLAINTIFF'S
7820906v1                                               UNVERIFIED COMPLAINT

VENTURA
SUPERIOR COURT
FILED
JUN 15 2011
MICHAEL D. PLANET
Executive Officer and Clerk
                        Dep.
DEBRA HEBERT

JMBM | Jeffer Mangels Butler & Mitchell LLP

1             Defendant further denies generally and specifically that Plaintiff is entitled to general,

2  compensatory, liquidated, exemplary, or other damages, in any amount, and/or injunctive relief by reason

3  of any act or omission to act on the part of Defendant, its agents, servants, employees or representatives.

4                               **AFFIRMATIVE DEFENSES**

5                          FIRST AFFIRMATIVE DEFENSE

6          1.      The court lacks jurisdiction over the subject matter of each purported cause of

7  action set forth in the Complaint.

8

9                       SECOND AFFIRMATIVE DEFENSE

10         2.      Defendant has not treated Plaintiff unlawfully, and any treatment of Plaintiff

11  was based on reasonable factors other than Plaintiff's alleged complaint.

12

13                       THIRD AFFIRMATIVE DEFENSE

14         3.      Any and all conduct of which Plaintiff complains and which is attributed to

15  Defendant, its agents or employees, was a just and proper exercise of management discretion

16  undertaken for fair and honest reasons and done in good faith under the circumstances then existing.

17

18                      FOURTH AFFIRMATIVE DEFENSE

19         4.      Defendant is informed and believes, and based upon such information and

20  belief alleges, that Plaintiff is barred from any recovery under the Complaint herein and each

21  purported cause of action contained therein because Plaintiff has failed to mitigate her alleged

22  damages, if any, as required by law.

23

24                       FIFTH AFFIRMATIVE DEFENSE

25         5.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not

26  timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the

27  statutory prerequisites to bring suit.

28

PRINTED ON
RECYCLED PAPER

7820906v1

  **DEFENDANT'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT**

SIXTH AFFIRMATIVE DEFENSE

6.      Any injury or damage suffered or sustained by Plaintiff, either as alleged in the Complaint or at all, was directly and proximately caused and contributed to by persons and entities other than Defendant.

SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff has not suffered damages as a result of the acts alleged to have been committed by Defendant.

EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust her administrative and internal remedies.

NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims are barred by Plaintiff's contributory and comparative fault and any judgment against Defendant must be reduced by an amount equal to that portion of the judgment in proportion to the comparative negligence of Plaintiff in causing Plaintiff's alleged damage.

TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff is not entitled to overtime pay or compensation for meal periods because she was properly classified as an exempt employee and therefore was not entitled to protection under the applicable Wage Order and/or Labor Code sections.

ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the applicable statutes of limitations.

DEFENDANT'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

7820906v1

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1                            TWELFTH AFFIRMATIVE DEFENSE

2              12.     Plaintiff, by her conduct, has waived and is estopped from asserting or

3    enforcing any claim in the Complaint herein, and each purported cause of action contained therein.

4

5                           THIRTEENTH AFFIRMATIVE DEFENSE

6             13.     Any acts or omissions of Defendant were in good faith, and Defendant had

7    reasonable grounds for believing that there was no violation of state and federal wage and hour laws,

8    including the California wage orders.   Plaintiff made no demand of Defendant prior to filing this

9    action.

10

11                         FOURTEENTH AFFIRMATIVE DEFENSE

12            14.     Plaintiff unreasonably delayed bringing her claims to the prejudice of

13   Defendant, and thus their claims are barred by the doctrine of laches.

14

15                          FIFTEENTH AFFIRMATIVE DEFENSE

16            15.     Plaintiff's Business & Professions Code Section 17200 *et seq.* ("Section 17200")

17   allegations should be dismissed since the claim set forth in the Complaint produces insurmountable

18   management and control problems that preclude the streamlined procedure expressly provided by the

19   Legislature. See *Cruz v. Purolator Air Filtration Products Co.,* 23 Cal.4th 163, 173 (2000).

20

21                         SIXTEENTH AFFIRMATIVE DEFENSE

22            16.     The conduct complained of in the Complaint does not constitute a bar against

23   competition.

24

25                        SEVENTEENTH AFFIRMATIVE DEFENSE

26            17.     To the extent Plaintiff alleges a claim, she is seeking damages which would

27   negate the need for restitution under Section 17200.

28

JMBM | Jeffer Mangels Butler & Mitchell llp

1                       <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

2           18.     Plaintiff is not entitled to injunctive relief in that any wrongful or improper

3 practices alleged in the Complaint, to the extent such practices ever occurred, are no longer

4 occurring and are not likely to recur, and thus there is nothing to enjoin.

5

6                       <u>NINETEENTH AFFIRMATIVE DEFENSE</u>

7           19.     Plaintiff is not entitled to injunctive relief in that she has an adequate remedy

8 at law.

9

10                       <u>TWENTIETH AFFIRMATIVE DEFENSE</u>

11           20.     To the extent the Section 17200 claim is based on unlawful business practices,

12 Defendant's compliance with the underlying law bars a claim under Section 17200.

13

14                     <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

15           21.     The conduct complained of constituted the reasonable exercise of business

16 judgment in that there existed reasonable reasons, justifications, and motives for the business practice

17 and thus such conduct cannot constitute an unlawful business practice.

18

19                   <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

20           22.     The conduct complained of is not an unfair business practice in that the

21 benefits of the practice outweigh whatever particular harm or impact it may cause.

22

23                   <u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

24           23.     Plaintiff is not entitled to and cannot seek compensation for alleged meal

25 period violations and/or overtime wages as alleged in the Complaint.

26

27                   <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

28           24.     Plaintiff was properly paid all wages owed to her by Defendant.

JMBM | Jeffer Mangels Butler & Mitchell LLP

    **DEFENDANT'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT**

1

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2        25.   Plaintiff has asserted this action in bad faith and has no proper basis for filing

3  or maintaining this violation against Defendant.. Plaintiff's prosecution of this action against

4  Defendant is in violation of the California Code of Civil Procedure section 128.5 and Rule 11 of the

5  Federal Rules of Civil Procedure.

6

7

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

8        26.   Defendant has not retaliated against Plaintiff unlawfully, and any treatment of

9  Plaintiff was based on reasonable factors other than Plaintiff's alleged complaint or any other

10  protected characteristic.

11

12

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

13        27.   Plaintiff's purported claims for emotional distress damages are barred, in

14  whole or in part, because Defendant has not engaged in the kind of outrageous conduct that would

15  result in its liability for emotional distress damages.

16

17

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

18        28.   Any damages suffered by Plaintiff, if any, were the sole and proximate result

19  of her willful breach of duty in the course of her employment, and/or her habitual neglect of her

20  duties or continued incapacity to perform them, and/or other breaches of her obligations as an

21  employee under the California Labor Code, and Defendant is therefore exonerated from any liability

22  to Plaintiff.

23

24

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

25        29.   Plaintiff's claims and resulting damages, if any, are entirely or substantially

26  barred by the doctrine of after-acquired evidence.. Defendant has discovered evidence of Plaintiff's

27  unethical, negligent, and potentially unlawful conduct which would have resulted in her termination,

28  independent of other reasons.

JMBM  Jeffer Mangels
Butler & Mitchell LLP

1    THIRTIETH AFFIRMATIVE DEFENSE

2         30.    Any alleged discharge of Plaintiff or other actions or omissions affecting

3    Plaintiff did not violate a fundamental public policy of the State of California.

4

5    THIRTY-FIRST AFFIRMATIVE DEFENSE

6         31.    Plaintiff's claims are barred because Plaintiff's employment was at-will

7    pursuant to California Labor Code Section 2922 and could be modified or terminated at any time

8    with or without cause.

9

10    THIRTY-SECOND AFFIRMATIVE DEFENSE

11         32.    All of Plaintiff's purported causes of action against Defendant's are barred

12    because Defendant's actions toward Plaintiff were lawfully warranted. Defendant's conduct toward

13    Plaintiff was not extreme or outrageous and was never intended to harm Plaintiff.

14

15    THIRTY-THIRTY AFFIRMATIVE DEFENSE

16         33.    Plaintiff's Complaint, and each purported cause of action contained therein,

17    fail to state facts sufficient to entitle Plaintiff to an award of pre-and/or post-judgment interest.

18

19    THIRTY-FOURTH AFFIRMATIVE DEFENSE

20         34.    An assessment of punitive damages pursuant to California Civil Code Section

21    3294, or otherwise, is barred by the California Supreme Court decision in *Foley v. Interactive Data*

22    *Corp.*, 47 Cal.3d 654 (1988).

23

24    THIRTY-FIFTH AFFIRMATIVE DEFENSE

25         35.    Plaintiff's Complaint, to the extent it seeks exemplary, double, or punitive

26    damages, violates Defendant's rights to protection from "excessive fines" as provided in Article 1,

27    Section 17 of the Constitution of the State of California and, therefore, fails to state a cause of action

28    supporting the exemplary, double, or punitive damages claimed.

- 7 -    **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Plaintiff's Complaint, to the extent it seeks exemplary, double, or punitive damages, violates Defendant's rights to procedural due process under the Fourteenth Amendment of the U.S. Constitution, under Article I, Section 7 of the Constitution for the State of California, and to substantive due process under the Fifth and Fourteenth Amendments of the U.S. Constitution.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Defendant has engaged the law firm of Jeffer Mangels Butler & Mitchell LLP to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable Complaint, and Defendant is thereby entitled to an award of reasonable attorneys' fees upon judgment in its favor.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves its right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant Good Sam Enterprises LLC, formerly known as Affinity Group, Inc., prays for judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by reason of her Complaint;

2.      For costs of suit incurred herein, including reasonable attorneys fees; and

3.      For such other and further relief as this Court may deem just and proper.

DATED: June 15, 2011

JEFFER, MANGELS, BUTLER & MITCHELL LLP
LOUISE ANN FERNANDEZ
JON C. MCNUTT

BY: _____
JON C. MCNUTT
Attorneys for Defendant
GOOD SAM ENTERPRISES, LLC, formerly
known as AFFINITY GROUP, INC.

1    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

3          I am employed in the City and County of Los Angeles, State of California.  I am over the age
     of 18 and not a party to the within action; my business address is:  1900 Avenue of the Stars, 7th
4    Floor, Los Angeles, California 90067.

5          On June 15, 2011, I served the document(s) described as **DEFENDANT GOOD SAM
     ENTERPRISES, LLC, FORMERLY KNOWN AS AFFINITY GROUP, INC.'S ANSWER TO PLAINTIFF'S**
6    **UNVERIFIED COMPLAINT FOR DAMAGES** in this action by placing the true copies thereof enclosed
     in sealed envelopes addressed as follows:

7

8                                **Marcelo A. Dieguez**
                                 **Diefer Law Group, P.C.**
9                               **2030 Main Street, Suite 1300**
                                     **Irvine, CA 92614**
                                 **Phone:  (949) 260-9131**
10                               **Facsimile:  (949) 260-9132**

11   ☒    (BY OVERNIGHT DELIVERY) I placed the aforementioned document in a sealed envelope
          with postage thereon fully prepaid and I caused said envelope to be delivered overnight via an
12        Norco Overnight delivery service in lieu of delivery by mail to the addressee.

13        Executed on June 15, 2011 at Los Angeles, California.

14        I declare under penalty of perjury under the laws of the State of California that the above is
     true and correct.

15

16

17                                                  Kathy Gould

18

19

20

21

22

23

24

25

26

27

28

JMBM | Jeffer Mangels
       Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

7820906v1

1          **DEFENDANT'S ANSWER TO PLAINTIFF'S
           UNVERIFIED COMPLAINT**